983 So.2d 550 (2008)
In re AMENDMENTS TO THE CODE OF JUDICIAL CONDUCTLIMITATIONS ON JUDGES' PARTICIPATION IN FUNDRAISING ACTIVITIES.
No. SC07-1135.
Supreme Court of Florida.
May 22, 2008.
Judge Lisa Davidson, Chair, Judicial Ethics Advisory Committee, Eighteenth Judicial Circuit, Viera, Florida, Judge Robert T. Benton, II, Past Chair, Judicial Ethics Advisory Committee, First District Court of Appeal, Tallahassee, FL, Marjorie Gadarian Graham, Judicial Ethics Advisory Committee, Palm Beach Gardens, Florida; and Judge Emerson R. Thompson, Jr., Fifth District Court of Appeal, Daytona Beach, FL, for Petitioner.
Judge Kim A. Skievaski, Chair, Judicial Administration Section of the Conference of Circuit Court Judges, First Judicial Circuit, Pensacola, FL, for Opponent.
PER CURIAM.
This matter is before the Court for consideration of proposed amendments to the Florida Code of Judicial Conduct. We have jurisdiction. See art. V, § 2(a), Fla. Const.
In May 2005 and again in April 2006, the Court requested that the Judicial Ethics Advisory Committee (JEAC) study the issue of limitations on judges' participation in fundraising activities and advise the Court whether the current provisions of the Florida Code of Judicial Conduct should be amended. Canons 4 and 5 of the Florida Code of Judicial Conduct currently address judicial participation in fundraising in the context of "quasi-judicial activities" concerning the law, the legal system, and the administration of justice *551 and "extrajudicial" activities, respectively. These canons provide that judges may help plan fundraising and may participate in the management and investment of an organization's funds but may not personally participate in soliciting funds, except from other judges over whom they do not exercise supervisory or appellate authority. Judges also may not personally participate in membership solicitation if it may be perceived as coercive or if it is essentially a fundraising mechanism, and may not use or permit the use of the prestige of judicial office for fundraising or membership solicitation. See Canon 4 D(2), 5 C(3)(b), Fla.Code of Jud. Conduct.
On September 27, 2006, the JEAC filed a report recommending that no changes should be made to the current Code provisions. The report requested, however, that the JEAC be permitted to file a supplemental report within ninety days of the American Bar Association's (ABA) anticipated adoption of a revised Model Code of Judicial Conduct, with amendments loosening certain restrictions on fundraising activities by judges.
On February 12, 2007, the ABA House of Delegates adopted the revised Model Code of Judicial Conduct. Specifically as to fundraising, revised rule 3.7, Participation in Educational, Religious, Charitable, Fraternal, or Civic Organizations and Activities, allows judges to (1) assist in fundraising planning and participate in management and investment of an organization's funds; (2) solicit contributions from members of the judge's family or from other judges over whom they do not exercise supervisory or appellate authority; (3) solicit membership for organizations concerned with the law, the legal system, or the administration of justice, even if dues or fees may be used to support the organization; and (4) appear or speak at, receive an award or other recognition at, be featured on the program of, and permit his or her title to be used in connection with an event; however, if the event serves a fundraising purpose, the judge may participate only if the event concerns the law, the legal system, or the administration of justice. See Model Code of Judicial Conduct Canon 3, Rule 3.7(A) (2007).
On May 10, 2007, the JEAC filed a supplemental report, again recommending that no substantive amendments be made to the Florida Code of Judicial Conduct, but offering a draft amendment for the Court's consideration in the event the Court disagreed with its recommendation. The draft amendments were published for comment in the Florida Bar News on August 1, 2007. One comment was filed by the Judicial Administration Section of the Conference of Circuit Court Judges (Judicial Administration Section), submitting its own proposed amendments to Canons 4 and 5. The JEAC filed a response to the comment and a request for oral argument. Oral argument was held on February 6, 2008.
After considering the report and supplemental report submitted by the JEAC, the comment and proposal submitted by the Judicial Administration Section, and the presentations of the parties at oral argument, we amend Canons 4 and 5 of the Florida Code of Judicial Conduct as alternatively proposed by the JEAC. We agree with the JEAC that its alternative proposal incorporates the best of the revised ABA Model Code and the best of the Judicial Administration Section's recommendations. The amended provisions maintain the current Florida Code's prohibitions on direct solicitation of funds by judges, but carve out a limited exception for judges' participation in certain fundraising activities, so long as participation *552 in such activities is consistent with other provisions of the Code.
Both Canons 4 A and 5 A are amended to add language from the revised ABA Code which (1) requires a judge to conduct all quasi-judicial activities and extrajudicial activities so that they do not undermine the judge's independence, integrity, or impartiality; and (2) prohibits a judge from engaging in quasi-judicial or extrajudicial activities that would lead to frequent disqualification or appear coercive.
Canon 4 D(2) is amended to permit a judge to "speak at, receive an award or other recognition at, be featured on the program of, and permit the judge's title to be used in conjunction with an event of [an organization or governmental entity devoted to the improvement of the law, the legal system, the judicial branch, or the administration of justice]." However, if the event serves a fundraising purpose, the judge may participate "only if the event concerns the law, the legal system, or the administration of justice." This change is intended to allow judges to participate in a law-related organization's fundraiser only where the particular event serves a law-related purpose and the funds raised will be used for a law-related purpose. It will be the responsibility of the judge who wants to participate in a fundraising event to determine that the event meets the criteria of this Canon and that the organization intends to use the funds in a manner consistent with this Canon.
Canon 4 D(2) is also amended, consistent with the revised ABA Code, to prohibit the use of court premises, staff, or other resources for fundraising purposes, except for incidental use for activities that concern the law, the legal system, or the administration of justice. Language in Canons 4 D(2)(a), 4D(2)(d), and 5 C(3)(b)(i) addressing judges' participation in fundraising activities is deleted in light of the new limited exception. Clarifying commentary is added to both Canons 4D(2) and 5 C(3)(b) with regard to permitted participation in fundraising activities. The commentary added to Canon 4 D(2) cautions that judges "may not participate in or allow their titles to be used in connection with fund-raising activities on behalf of an organization engaging in advocacy if such participation would cast doubt on the judge's capacity to act impartially as a judge." The commentary added to Canon 5 C(3)(b) confirms that mere attendance at an event, fundraising or not, does not constitute a violation of the Code. It also clarifies that it is permissible for a judge to "pass a collection plate at a place of worship or serve as an usher or food server or preparer, or to perform similar subsidiary and unadvertised functions at fund-raising events sponsored by educational, religious, charitable, fraternal, or civic organizations," as long as it does not involve direct or personal solicitation. This commentary is intended to rule out judges' participation in activities like serving as a "celebrity waiter," while allowing them to participate as a food server or cashier for a school hot dog roast or similar activity.[1]
We conclude that these changes strike the proper balance between encouraging meaningful judicial participation in law-related activities, while guarding against participation that would cast doubt on impartiality, demean the judicial office, or interfere with judicial duties.
Accordingly, Canons 4 and 5 of the Florida Code of Judicial Conduct are hereby *553 amended as reflected in the appendix to this opinion. New language is indicated by underlining, and deletions are indicated by struck-through type. The amendments are effective immediately.
It is so ordered.
ANSTEAD, PARIENTE, CANTERO, and BELL, JJ., concur.
QUINCE, J., dissents with an opinion, in which WELLS, J., concurs.
LEWIS, C.J., dissents.
QUINCE, J., dissenting.
I dissent from the majority's decision to amend the Florida Code of Judicial Conduct to allow judges to speak at, receive an award or other recognition at, be featured at the program, or permit the judge's title to be used in conjunction with a fundraising event of an organization or governmental entity devoted to the improvement of the law, the legal system, the judicial branch, or the administration of justice. While this amendment is only applicable when the event of such an organization concerns the law, the legal system, or the administration of justice, I do not believe that this restriction changes the fact that now others will in fact be using the prestige of judicial office and the prestige of the entire judiciary for private gain. In addition, judges will now be required to decide the meaning of the phrase "concerns the law, the legal profession, or the administration of justice" before participating in such an event.
In addition, I agree with the Judicial Ethics Advisory Committee's (JEAC) rationale for its recommendation that there should be no changes made to the Code. The Code as it presently exists protects judges from numerous requests to participate in these events. Under the amendments approved by this Court, judges will have to make continual judgment calls on whether or not a particular organization or event falls within the ambit of the amendment. In addition judges will have no real way of determining how the funds raised will be used by the organization. The present Code provisions also insulate people from any implied obligation, real or imagined, that they must or should participate in the fundraiser because a judge they know is "endorsing" it. The present provisions also limit the situation where an attorney may attempt to curry favor with a judge by participating or contributing to the judge's causes. These amendments to the rules may also lead to situations where the judge's impartiality could be called into question if an entity that the judge has supported becomes a party in her or his court.
I also agree with the JEAC that the present Code already provides judges with meaningful opportunities to participate in activities, short of fundraising, that have a goal of improving the law, the legal system, and the administration of justice. Additionally, judges can already participate in nominal fundraising by individual participation and by encouraging colleagues to participate, so long as the judge has no supervisory or appellate authority over those colleagues. In response to a proposal to amend the Code submitted by the Judicial Administration Section (JAS) of the Conference of Circuit Court Judges, the JEAC said:
There are also opportunities under the current Code for judges to participate appropriately and meaningfully in fundraising efforts, without direct solicitation of funds. Judges may plan, set-up, clean-up, and attend fund-raisers in addition to personally donating money and items to be auctioned (as long as the source of those items is not noted). See Fla.Code Jud. Conduct, Commentary to Canons 4 and 5; JEAC Op. 01-09 (Judge may decorate a hall where fund-raising event is to be held, assist in setting the value of items to be auctioned *554 at the fund-raising event, and donate items to be auctioned as long as the source of the donation is not noted). In addition, a judge may allow his or her name and position to be listed on a charitable organization's letterhead, along with the names and positions, if any, of all the other board members. The organization may then use this letterhead for all of the organization's correspondence, including the solicitation of charitable gifts. See Fla.Code Jud. Conduct, Canons 4 D (2)(a), 5 C (3)(b)(i).
In the context of contributing to the law, legal system, and the administration of justice, judges have countless opportunities to do so under the current provisions of the Code of Judicial Conduct. For example, judges may teach as part of the Justice Teaching Initiative, mentor law school students for The Florida Bar's Center for Professionalism, organize and speak at local voluntary Bar's CLE programs for attorneys, and serve on local and statewide professionalism committees. See Fla.Code Jud. Conduct, Canon 4 B ("A judge is encouraged to speak, write, lecture, teach and participate in other quasi-judicial activities concerning the law, the legal system, the administration of justice, the role of the judiciary as an independent branch within our system of government.") Judges may also serve on a variety of civic boards, task forces, and public policy commissions. Moreover judges may make recommendations to public and private fund-granting organizations on programs concerning the improvement of the law, the legal system, the judicial branch, or the administration of justice. See Fla.Code Jud. Conduct, Canon 4 D (2)(b).
These volunteer efforts are much more meaningful because they require personal time commitment and personal financial sacrifice, rather than simply lending one's image or name to be used for mass solicitations or advertisements,[[2]] an image or name that is only of value and interest because of the title and judicial position that person occupies. The common component central to the JAS's proposal involves identifying the person as a judge in the fund-raising efforts, and specifically using the judicial title in order to generate funds. Community involvement must be more than raising money.
With these significant opportunities to participate in matters involving the law, the legal system, and the administration of justice, I do not believe that we need to expand into the arena of meaningful fundraising.
We should retain that portion of the canons that says that a judge "shall not use or permit the use of the prestige of judicial office for fund-raising or membership solicitation." Fla.Code Jud. Conduct, Canon 4 D(2)(d). Moreover, we should not allow the use of the prestige of the judicial branch for private gain.
WELLS, J., concurs.

APPENDIX
Canon 4. A Judge is Encouraged to Engage in Activities to Improve the Law, the Legal System, and the Administration of Justice
A. A judge shall conduct all of the judge's quasi-judicial activities so that they do not:

*555 (1) cast reasonable doubt on the judge's capacity to act impartially as a judge;
(2) undermine the judge's independence, integrity, or impartiality;
(2)(3) demean the judicial office; or
(3)(4) interfere with the proper performance of judicial duties.;
(5) lead to frequent disqualification of the judge; or
(6) appear to a reasonable person to be coercive.
B.  C. [No Change]
D. A judge is encouraged to serve as a member, officer, director, trustee or nonlegal advisor of an organization or governmental agency entity devoted to the improvement of the law, the legal system, the judicial branch, or the administration of justice, subject to the following limitations and the other requirements of this Code.
(1) A judge shall not serve as an officer, director, trustee or non-legal advisor if it is likely that the organization
(a) will be engaged in proceedings that would ordinarily come before the judge, or
(b) will be engaged frequently in adversary proceedings in the court of which the judge is a member or in any court subject to the appellate jurisdiction of the court of which the judge is a member.
(2) A judge as an officer, director, trustee or non-legal advisor, or as a member or otherwise:
(a) may assist such an organization in planning fund-raising and may participate in the management and investment of the organization's funds, but shall not personally or directly participate in the solicitation of funds or other fund-raising activities, except that a judge may solicit funds from other judges over whom the judge does not exercise supervisory or appellate authority;
(b) may appear or speak at, receive an award or other recognition at, be featured on the program of, and permit the judge's title to be used in conjunction with an event of such an organization or entity, but if the event serves a fund-raising purpose, the judge may participate only if the event concerns the law, the legal system, or the administration of justice and the funds raised will be used for a law related purpose(s);
(b)(c) may make recommendations to public and private fund-granting organizations on projects and programs concerning the law, the legal system or the administration of justice;
(c)(d) shall not personally or directly participate in membership solicitation if the solicitation might reasonably be perceived as coercive or, except as permitted in Section 4D(2)(a), if the membership solicitation is essentially a fund-raising mechanism;
(d) shall not use or permit the use of the prestige of judicial office for fund-raising or membership solicitation.
(e) shall not make use of court premises, staff, stationery, equipment, or other resources for fund-raising purposes, except for incidental use for activities that concern the law, the legal system, or the administration of justice, subject to the requirements of this Code.
Commentary
Canon 4A. A judge is encouraged to participate in activities designed to improve *556 the law, the legal system, and the administration of justice. In doing so, however, it must be understood that expressions of bias or prejudice by a judge, even outside the judge's judicial activities, may cast reasonable doubt on the judge's capacity to act impartially as a judge and may undermine the independence and integrity of the judiciary. Expressions which may do so include jokes or other remarks demeaning individuals on the basis of their race, sex, religion, national origin, disability, age, sexual orientation or socioeconomic status. See Section Canon 2C and accompanying Commentary.
Canon 4B. This canon is was clarified in order to encourage judges to engage in activities to improve the law, the legal system, and the administration of justice. As a judicial officer and person specially learned in the law, a judge is in a unique position to contribute to the improvement of the law, the legal system, and the administration of justice, including, but not limited to, the improvement of the role of the judiciary as an independent branch of government, the revision of substantive and procedural law, the improvement of criminal and juvenile justice, and the improvement of justice in the areas of civil, criminal, family, domestic violence, juvenile delinquency, juvenile dependency, probate and motor vehicle law. To the extent that time permits, a judge is encouraged to do so, either independently or through a bar association, judicial conference or other organization dedicated to the improvement of the law. Support of pro bono legal services by members of the bench is an activity that relates to improvement of the administration of justice. Accordingly, a judge may engage in activities intended to encourage attorneys to perform pro bono services, including, but not limited to: participating in events to recognize attorneys who do pro bono work, establishing general procedural or scheduling accommodations for pro bono attorneys as feasible, and acting in an advisory capacity to pro bono programs. Judges are encouraged to participate in efforts to promote the fair administration of justice, the independence of the judiciary and the integrity of the legal profession, which may include the expression of opposition to the persecution of lawyers and judges in other countries.
The phrase "subject to the requirements of this Code" is included to remind judges that the use of permissive language in various Ssections of the Code does not relieve a judge from the other requirements of the Code that apply to the specific conduct.
Canon 4C. See Section Canon 2B regarding the obligation to avoid improper influence.
Canon 4D(1). The changing nature of some organizations and of their relationship to the law makes it necessary for a judge regularly to reexamine the activities of each organization with which the judge is affiliated to determine if it is proper for the judge to continue the affiliation. For example, the boards of some legal aid organizations now make policy decisions that may have political significance or imply commitment to causes that may come before the courts for adjudication.
Canon 4D(2). A judge may solicit membership or endorse or encourage membership efforts for an organization devoted to the improvement of the law, the legal system or the administration of justice as long as the solicitation cannot reasonably be perceived as coercive and is not essentially a fund-raising mechanism. Personal or direct Ssolicitation of funds for an organization and personal or direct solicitation of memberships similarly involve the danger that the person solicited will feel obligated to respond favorably to the *557 solicitor if the solicitor is in a position of influence or control. A judge must not engage in direct, individual solicitation of funds or memberships in person, in writing or by telephone except in the following cases: 1) a judge may solicit for funds or memberships other judges over whom the judge does not exercise supervisory or appellate authority, 2) a judge may solicit other persons for membership in the organizations described above if neither those persons nor persons with whom they are affiliated are likely ever to appear before the court on which the judge serves and 3) a judge who is an officer of such an organization may send a general membership solicitation mailing over the judge's signature.
A judge may be a speaker or guest of honor at an organization's fund-raising event if the event concerns the law, the legal system, or the administration of justice, and the judge does not engage in the direct solicitation of funds. However, judges may not participate in or allow their titles to be used in connection with fund-raising activities on behalf of an organization engaging in advocacy if such participation would cast doubt on the judge's capacity to act impartially as a judge.
Use of an organization letterhead for fund-raising or membership solicitation does not violate Section Canon 4D(2) provided the letterhead lists only the judge's name and office or other position in the organization, and, if comparable designations are listed for other persons, the judge's judicial designation. In addition, a judge must also make reasonable efforts to ensure that the judge's staff, court officials and others subject to the judge's direction and control do not solicit funds on the judge's behalf for any purpose, charitable or otherwise.
A judge must not be a speaker or guest of honor at an organization's fund-raising event, but mere attendance at such an event is permissible if otherwise consistent with this Code.
Canon 5. A Judge Shall Regulate Extrajudicial Activities to Minimize the Risk of Conflict with Judicial Duties
A. Extrajudicial Activities in General. A judge shall conduct all of the judge's extra-judicial activities so that they do not:
(1) cast reasonable doubt on the judge's capacity to act impartially as a judge;
(2) undermine the judge's independence, integrity, or impartiality;
(2)(3) demean the judicial office; or
(3)(4) interfere with the proper performance of judicial duties.;
(5) lead to frequent disqualification of the judge; or
(6) appear to a reasonable person to be coercive.
B. [No Change]
C. Governmental, Civic or Charitable Activities.
(1) A judge shall not appear at a public hearing before, or otherwise consult with, an executive or legislative body or official except on matters concerning the law, the legal system or the administration of justice or except when acting pro se in a matter involving the judge or the judge's interests.
(2) A judge shall not accept appointment to a governmental committee or commission or other governmental position that is concerned with issues of fact or policy on matters other than the improvement of the law, the legal system, the judicial branch, or the administration of justice. A judge may, however, represent a country, state or locality on ceremonial occasions or in connection *558 with historical, educational or cultural activities.
(3) A judge may serve as an officer, director, trustee or non-legal advisor of an educational, religious, charitable, fraternal, sororal or civic organization not conducted for profit, subject to the following limitations and the other requirements of this Code.
(a) A judge shall not serve as an officer, director, trustee or non-legal advisor if it is likely that the organization
(i) will be engaged in proceedings that would ordinarily come before the judge, or
(ii) will be engaged frequently in adversary proceedings in the court of which the judge is a member or in any court subject to the appellate jurisdiction of the court of which the judge is a member.
(b) A judge as an officer, director, trustee or non-legal advisor, or as a member or otherwise:
(i) may assist such an organization in planning fund-raising and may participate in the management and investment of the organization's funds, but shall not personally or directly participate in the solicitation of funds or other fund-raising activities, except that a judge may solicit funds from other judges over whom the judge does not exercise supervisory or appellate authority;
(ii) shall not personally or directly participate in membership solicitation if the solicitation might reasonably be perceived as coercive or, except as permitted in Section 5C(3)(b)(i), if the membership solicitation is essentially a fund-raising mechanism;
(iii) shall not use or permit the use of the prestige of judicial office for fund-raising or membership solicitation.
D. Financial Activities.
(1) (4) [No Change]
(5) A judge shall not accept, and shall urge members of the judge's family residing in the judge's household not to accept, a gift, bequest, favor or loan from anyone except for:
(a)-(g) [No Change]
(h) any other gift, bequest, favor or loan, only if: the donor is not a party or other person who has come or is likely to come or whose interests have come or are likely to come before the judge; and, if its value, or the aggregate value in a calendar year of such gifts, bequests, favors, or loans from a single source, exceeds $100.00, the judge reports it in the same manner as the judge reports gifts under Section Canon 6B(2).
E.  G. [No Change]
Commentary
Canon 5A. Complete separation of a judge from extra-judicial activities is neither possible nor wise; a judge should not become isolated from the community in which the judge lives. For that reason, judges are encouraged to participate in extrajudicial community activities.
Expressions of bias or prejudice by a judge, even outside the judge's judicial activities, may cast reasonable doubt on the judge's capacity to act impartially as a judge, and may undermine the independence and integrity of the judiciary. Expressions which may do so include jokes or other remarks demeaning individuals on the basis of their race, sex, religion, national origin, disability, age, sexual orientation or socioeconomic status. See Section Canon 2C and accompanying Commentary.
*559 Canon 5B. In this and other Ssections of Canon 5, the phrase "subject to the requirements of this Code" is used, notably in connection with a judge's governmental, civic or charitable activities. This phrase is included to remind judges that the use of permissive language in various Ssections of the Code does not relieve a judge from the other requirements of the Code that apply to the specific conduct.
Canon 5C(1). See Section Canon 2B regarding the obligation to avoid improper influence.
Canon 5C(2). Section Canon 5C(2) prohibits a judge from accepting any governmental position except one relating to the law, legal system or administration of justice as authorized by Section Canon 4D. The appropriateness of accepting extrajudicial assignments must be assessed in light of the demands on judicial resources created by crowded dockets and the need to protect the courts from involvement in extrajudicial matters that may prove to be controversial. Judges should not accept governmental appointments that are likely to interfere with the effectiveness and independence of the judiciary.
Section Canon 5C(2) does not govern a judge's service in a nongovernmental position. See Section Canon 5C(3) permitting service by a judge with educational, religious, charitable, fraternal, sororal or civic organizations not conducted for profit. For example, service on the board of a public educational institution, unless it were a law school, would be prohibited under Section Canon 5C(2), but service on the board of a public law school or any private educational institution would generally be permitted under Section Canon 5C(3).
Canon 5C(3). Section Canon 5C(3) does not apply to a judge's service in a governmental position unconnected with the improvement of the law, the legal system or the administration of justice; see Section Canon 5C(2).
See Commentary to Section Canon 5B regarding use of the phrase "subject to the following limitations and the other requirements of this Code." As an example of the meaning of the phrase, a judge permitted by Section Canon 5C(3) to serve on the board of a fraternal institution may be prohibited from such service by Sections Canons 2C or 5A if the institution practices invidious discrimination or if service on the board otherwise casts reasonable doubt on the judge's capacity to act impartially as a judge.
Service by a judge on behalf of a civic or charitable organization may be governed by other provisions of Canon 5 in addition to Section Canon 5C. For example, Section Canon 5G prohibits a judge from serving as a legal advisor to a civic or charitable organization.
Canon 5C(3)(a). The changing nature of some organizations and of their relationship to the law makes it necessary for a judge to regularly reexamine the activities of each organization with which the judge is affiliated in order to determine if it is proper for the judge to continue the affiliation. For example, in many jurisdictions charitable hospitals are now more frequently in court than in the past.
Canon 5C(3)(b). A judge may solicit membership or endorse or encourage membership efforts for a nonprofit educational, religious, charitable, fraternal, sororal or civic organization as long as the solicitation cannot reasonably be perceived as coercive and is not essentially a fund-raising mechanism. Personal or direct Ssolicitation of funds for an organization and personal or direct solicitation of memberships similarly involve the danger that the person solicited will feel obligated to *560 respond favorably to the solicitor if the solicitor is in a position of influence or control. A judge must not engage in direct, individual solicitation of funds or memberships in person, in writing or by telephone except in the following cases: 1) a judge may solicit for funds or memberships other judges over whom the judge does not exercise supervisory or appellate authority, 2) a judge may solicit other persons for membership in the organizations described above if neither those persons nor persons with whom they are affiliated are likely ever to appear before the court on which the judge serves and 3) a judge who is an officer of such an organization may send a general membership solicitation mailing over the judge's signature.
Mere attendance at an event, whether or not the event serves a fund-raising purpose, does not constitute a violation of Canon 5C(3)(b). It is also generally permissible for a judge to pass a collection plate at a place of worship or for a judge to serve as an usher or food server or preparer, or to perform similar subsidiary and unadvertised functions at fund-raising events sponsored by educational, religious, charitable, fraternal, or civic organizations, so long as they do not entail direct or personal solicitation. However, a judge may not be a speaker, guest of honor, or otherwise be featured at an organization's fund-raising event, unless the event concerns the law, the legal system, or the administration of justice as authorized by Canon 4D(2)(b).
Use of an organization letterhead for fund-raising or membership solicitation does not violate Section Canon 5C(3)(b) provided the letterhead lists only the judge's name and office or other position in the organization, and, if comparable designations are listed for other persons, the judge's judicial designation. In addition, a judge must also make reasonable efforts to ensure that the judge's staff, court officials and others subject to the judge's direction and control do not solicit funds on the judge's behalf for any purpose, charitable or otherwise.
A judge must not be a speaker or guest of honor at an organization's fund-raising event, but mere attendance at such an event is permissible if otherwise consistent with this Code.
Canon 5D(1). When a judge acquires in a judicial capacity information, such as material contained in filings with the court, that is not yet generally known, the judge must not use the information for private gain. See Section Canon 2B; see also Section Canon 3B(11).
A judge must avoid financial and business dealings that involve the judge in frequent transactions or continuing business relationships with persons likely to come either before the judge personally or before other judges on the judge's court. In addition, a judge should discourage members of the judge's family from engaging in dealings that would reasonably appear to exploit the judge's judicial position. This rule is necessary to avoid creating an appearance of exploitation of office or favoritism and to minimize the potential for disqualification. With respect to affiliation of relatives of the judge with law firms appearing before the judge, see Commentary to Section Canon 3E(1) relating to disqualification.
Participation by a judge in financial and business dealings is subject to the general prohibitions in Section Canon 5A against activities that tend to reflect adversely on impartiality, demean the judicial office, or interfere with the proper performance of judicial duties. Such participation is also subject to the general prohibition in Canon 2 against activities involving impropriety or the appearance of impropriety and the *561 prohibition in Section Canon 2B against the misuse of the prestige of judicial office. In addition, a judge must maintain high standards of conduct in all of the judge's activities, as set forth in Canon 1. See Commentary for Section Canon 5B regarding use of the phrase "subject to the requirements of this Code."
Canon 5D(2). This Section Canon provides that, subject to the requirements of this Code, a judge may hold and manage investments owned solely by the judge, investments owned solely by a member or members of the judge's family, and investments owned jointly by the judge and members of the judge's family.
Canon 5D(3). Subject to the requirements of this Code, a judge may participate in a business that is closely held either by the judge alone, by members of the judge's family, or by the judge and members of the judge's family.
Although participation by a judge in a closely-held family business might otherwise be permitted by Section Canon 5D(3), a judge may be prohibited from participation by other provisions of this Code when, for example, the business entity frequently appears before the judge's court or the participation requires significant time away from judicial duties. Similarly, a judge must avoid participating in a closely-held family business if the judge's participation would involve misuse of the prestige of judicial office.
Canon 5D(5). Section Canon 5D(5) does not apply to contributions to a judge's campaign for judicial office, a matter governed by Canon 7.
Because a gift, bequest, favor or loan to a member of the judge's family residing in the judge's household might be viewed as intended to influence the judge, a judge must inform those family members of the relevant ethical constraints upon the judge in this regard and discourage those family members from violating them. A judge cannot, however, reasonably be expected to know or control all of the financial or business activities of all family members residing in the judge's household.
Canon 5D(5)(a). Acceptance of an invitation to a law-related function is governed by Section Canon 5D(5)(a); acceptance of an invitation paid for by an individual lawyer or group of lawyers is governed by Section Canon 5D(5)(h).
A judge may accept a public testimonial or a gift incident thereto only if the donor organization is not an organization whose members comprise or frequently represent the same side in litigation, and the testimonial and gift are otherwise in compliance with other provisions of this Code. See Sections Canons 5A(1) and 2B.
Canon 5D(5)(d). A gift to a judge, or to a member of the judge's family living in the judge's household, that is excessive in value raises questions about the judge's impartiality and the integrity of the judicial office and might require disqualification of the judge where disqualification would not otherwise be required. See, however, Section Canon 5D(5)(e).
Canon 5D(5)(h). Section Canon 5D(5)(h) prohibits judges from accepting gifts, favors, bequests or loans from lawyers or their firms if they have come or are likely to come before the judge; it also prohibits gifts, favors, bequests or loans from clients of lawyers or their firms when the clients' interests have come or are likely to come before the judge.
Canon 5E(3). The restrictions imposed by this Canon may conflict with the judge's obligation as a fiduciary. For example, a judge should resign as trustee if detriment to the trust would result from divestiture of holdings the retention of *562 which would place the judge in violation of Section Canon 5D(4).
Canon 5F(1). Section Canon 5F(1) does not prohibit a judge from participating in arbitration, mediation or settlement conferences performed as part of judicial duties. An active judge may take the necessary educational and training programs to be certified or qualified as a mediator or arbitrator, but this shall not be a part of the judge's judicial duties. While such a course will allow a judge to have a better understanding of the arbitration and mediation process, the certification and qualification of a judge as a mediator or arbitrator is primarily for the judge's personal benefit. While actually participating in the mediation and arbitration training activities, care must be taken in the selection of both cases and locations so as to guarantee that there is no interference or conflict between the training and the judge's judicial responsibilities. Indeed, the training should be conducted in such a manner as to avoid the involvement of persons likely to appear before the judge in legal proceedings.
Canon 5F(2). The purpose of these admonitions is to ensure that the senior judge's impartiality is not subject to question. Although a senior judge may act as a mediator or arbitrator, attention must be given to relationships with lawyers and law firms which may require disclosure or disqualification. These provisions are intended to prohibit a senior judge from soliciting lawyers to use his or her mediation services when those lawyers are or may be before the judge in proceedings where the senior judge is acting in a judicial capacity.
Canon 5G. This prohibition refers to the practice of law in a representative capacity and not in a pro se capacity. A judge may act for himself or herself in all legal matters, including matters involving litigation and matters involving appearances before or other dealings with legislative and other governmental bodies. However, in so doing, a judge must not abuse the prestige of office to advance the interests of the judge or the judge's family. See Section Canon 2B.
The Code allows a judge to give legal advice to and draft legal documents for members of the judge's family, so long as the judge receives no compensation. A judge must not, however, act as an advocate or negotiator for a member of the judge's family in a legal matter.
NOTES
[1] Other minor and editorial amendments are also made to Canons 4 and 5 and the commentary thereto.
[2] The proposal submitted by the JEAC and adopted by the majority of this Court does not contain the mass solicitation language proposed by the JAS. However, the amendments being adopted do allow the judge to be featured on the program for the event and will allow the judge's title to be used in conjunction with the event, i.e., when advertising the event.